UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br>v.<br><br>INTEGRATED CREDIT SOLUTIONS, INC.; FLAGSHIP CAPITAL SERVICES CORP.; LIGHTHOUSE CREDIT FOUNDATION, INC.; MARY H. MELCER; and J. STEVEN MCWHORTER,<br><br>              Defendants, and<br><br>JEFFREY POORMAN and DANIEL M. MELGAR, SR.,<br><br>              Relief Defendants. | Case No. |

**SETTLEMENT AGREEMENT AND ORDER FOR
PERMANENT INJUNCTION AND MONETARY SETTLEMENT
BETWEEN PLAINTIFF FTC AND DEFENDANTS LIGHTHOUSE AND MELCER**

Plaintiff Federal Trade Commission ("FTC" or "the Commission") commenced this action concurrently with this Settlement Agreement and Order ("Order") by filing a Complaint for permanent injunctive and other equitable relief pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), and 15 U.S.C. §§ 45(a) and 53(b). The Complaint alleges that Defendants Integrated Credit Solutions, Inc. ("ICS"), Flagship Capital Services Corp., Lighthouse Credit Foundation, Inc. ("Lighthouse"), Mary H. Melcer ("Ms. Melcer"), and J. Steven McWhorter engaged in unfair or deceptive acts and practices in promoting and offering credit counseling and debt management plans in violation of Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a)

and 53(b). The Complaint also names Jeffrey E. Poorman and Daniel M. Melgar, Sr. as Relief Defendants.

The FTC, Lighthouse, and Ms. Melcer, having been represented by counsel and acting by and through such counsel, have together consented to the entry of this Order by this Court to resolve and settle all matters of dispute between the FTC, Lighthouse, and Ms. Melcer, without adjudication of any issue of fact or law and without the Defendants admitting liability for any of the matters alleged in the Complaint. This Order only settles claims as to Lighthouse and Ms. Melcer, and shall not act as a bar to any claim by the FTC nor preclude the FTC from seeking any remedy against any other persons, including without limitation persons who may be subject to portions of this Order by virtue of actions taken in concert or participation with Defendants or Relief Defendants or persons in any type of indemnification or contractual relationship with Defendants or Relief Defendants.

**NOW, THEREFORE,** on the joint motion of the FTC, Lighthouse, and Ms. Melcer,

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and of the parties. Venue in the Middle District of Florida is proper.

2. The Complaint states a claim upon which relief may be granted against Defendants Lighthouse and Ms. Melcer under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

3. The FTC has the authority under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), to seek the relief it has requested.

2

4. Defendants Lighthouse and Ms. Melcer have waived service of the Summons and Complaint.

5. The activities of Defendants Lighthouse and Ms. Melcer charged in the Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Defendants Lighthouse and Ms. Melcer waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendants Lighthouse and Ms. Melcer further waive and release any claims they may have against the FTC, its employees, representatives, or agents.

7. Defendants Lighthouse and Ms. Melcer agree that this Order does not entitle Lighthouse or Ms. Melcer to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. No. 104-121, 110 Stat. 847, 863-64 (1996). Defendants Lighthouse and Ms. Melcer further waive any right to attorneys' fees that may arise under said provision of law.

8. This Order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by Defendants Lighthouse and Ms. Melcer that they engaged in violations of any law or regulation, or that the facts alleged in the Complaint, other than the jurisdictional facts, are true.

9. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Individual Defendant" means Mary H. Melcer, individually, collectively, or in any combination, and whether acting directly or through any heir, successor, assign, agent, entity, corporation, subsidiary, division, or other device, unless specified otherwise.

2. "Corporate Defendant" means Lighthouse Credit Foundation, Inc.

3. "Defendants" means Lighthouse and Ms. Melcer, individually, collectively, or in any combination.

4. "Relief Defendants" means Jeffrey E. Poorman and Daniel M. Melgar, Sr.

5. "Assisting others" means knowingly providing any of the following goods or services to another entity: (i) serving as an officer, director or consultant; (ii) performing customer service functions including, but not limited to, receiving or responding to consumer complaints; (iii) formulating or providing, or arranging for the formulation or provision of, any script or any other material for communicating with customers or potential customers; (iv) providing names of, or assisting in the generation of, potential customers, including, but not limited to, arranging for the automated delivery of messages to potential customers; (v) performing marketing services of any kind; or (vi) providing any other substantial help or aid.

6. "Credit counseling" means providing individualized financial advice to a consumer about his or her finances or credit that helps the consumer understand the financial alternatives available to him or her, with the goal of improving the consumer's knowledge of personal financial management.

4

7. "Debt management" means providing any service to a consumer relating to managing his debts.

8. "Debt management plan" or "DMP" means a program in which (1) a consumer pays one consolidated periodic payment to the program to cover the debts that are included in the program; and (2) the program disburses payments to the creditors of the consumer.

9. "Document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or other non-identical copy is a separate document within the meaning of the term.

10. "Enrollment fee" or "up-front fee" shall mean a fee or charge paid by a consumer to any of the corporate defendants prior to the consumer enrolling in a DMP.

11. "Monthly payment" shall mean a fee or charge paid to Lighthouse for its services in managing a DMP.

12. "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

13. "Representatives" means Defendants' successors, assigns, officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

14. "State Settlements" shall mean the consent judgments entered by ICS in the following matters: (a) *The People of the State of California v. Integrated Credit Solutions, Inc.,*

*et al.,* (Super. Ct. of Cal., County of Monterrey; Case No. M71175; filed Aug. 26, 2004); (b) *Commonwealth of Massachusetts v. Integrated Credit Solutions, Inc.; and Flagship Capital Services Corp.* (D. Mass.; Civ. Action No. 02-12431 (JLT); entered Apr. 27, 2004); and (c) *In re Integrated Credit Solutions, Inc., and Flagship Capital Services Corp.* (Super. Ct. of Vermont, Washington County; Docket No. 238-4-04; filed Apr. 28, 2004).

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that, in connection with the advertising, promoting, marketing, offering, selling or distributing of any goods or services related to credit counseling or debt management, or in connection with any telemarketing, Defendants and persons in active concert or participation with them who receive actual notice of this Order are hereby restrained and enjoined from making any express or implied representation or omission of material fact that is false or misleading, in any manner, orally or in writing, to any consumer or entity, including, but not limited to, the following:

A.    Falsely or misleadingly representing or assisting others in falsely representing that a person will provide credit counseling services;

B.    Falsely or misleadingly representing or assisting others in falsely representing that a person is a nonprofit entity or a tax-exempt nonprofit entity under the Internal Revenue Code;

C.    Falsely or misleadingly representing or assisting others in falsely representing that a person will provide debt management services that eliminate interest charges on credit card debt, or reduce those interest charges to as low as one-and-one-half percent;

D.    Falsely or misleadingly representing or assisting others in falsely representing that a person will reduce the consumer's interest rate before the consumer's next credit card billing

cycle;

E.  Falsely or misleadingly representing or assisting others in falsely representing that a consumer's monthly payment for credit counseling or to maintain a DMP is tax-deductible; and

F.  Falsely or misleadingly representing or assisting others in falsely representing the terms, benefits, performance, efficacy, or costs of goods or services.

## II. REFUNDS and TERMINATION

**IT IS FURTHER ORDERED** that, in connection with the advertising, promoting, marketing, offering, selling or distributing of any goods or services related to credit counseling or debt management, Defendants and persons in active concert or participation with them who receive actual notice of this Order shall:

A.  Refund a consumer's enrollment fee or initial contribution and cancel the enrollment, if the consumer requests, either verbally or in writing, a cancellation or a refund of his enrollment fee or initial contribution within seventy-two (72) hours of the consumer's enrollment date; and

B.  Cease collecting any monthly or other payments from the consumer no later than 24 hours after the consumer verbally or in writing asked to terminate his DMP.

## III. CUSTOMER SERVICE

**IT IS FURTHER ORDERED** that in connection with the advertising, promoting, marketing, offering, selling or distributing of any goods or services related to credit counseling, or debt management, Defendants and persons in active concert or participation with them who

7

receive actual notice of this Order are hereby restrained and enjoined from:

  A. Failing to maintain and provide adequate staffing for a toll-free number and an address that are specifically dedicated to handling consumers' credit counseling and/or debt management questions, and requests for refunds or terminations. The toll-free number shall be staffed at least every Monday through Thursday between the hours of 8:30 a.m. to 10 p.m., and on Fridays from 8:30 a.m. to 5:30 p.m., Eastern Time, national holidays excluded. Defendants' obligation to maintain the toll-free number shall continue as long as the Corporate Defendant remains in the business of servicing debt management plans or providing credit counseling; **provided, however,** that in the event that the Defendant ceases all business operations or servicing of debt management plans, the Corporate Defendant shall provide all current consumers with written notice containing either: (1) contact information for any and all entities to which Defendants' debt management plans have been transferred for further servicing; or (2) an advisory that consumers are no longer enrolled in Defendants' debt management plans and must pay their bills directly to their creditors or seek assistance elsewhere;

  B. Failing to maintain and provide staff that are adequately trained and certified to meet standards that are generally accepted in the credit counseling profession when providing credit counseling services; and

  C. Failing to maintain and provide adequate procedures to ensure that consumers' monthly consolidated payments are timely transferred to creditors.

## IV. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.  Judgment is hereby entered against Defendants Lighthouse and Ms. Melcer in the amount of $658,630.00, which must be paid by electronic transfer within five (5) days of the date of entry of this Order and pursuant to instructions provided by the FTC. Defendants Lighthouse and Ms. Melcer are jointly and severally liable for paying this judgment.

B.  Any and all funds paid pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices as alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants have no right to challenge the FTC's choice of remedies under this Subsection.

C.  Defendants further agree that the facts as alleged in the Complaint shall be taken as true in the event of any subsequent litigation to enforce this Order or to collect amounts due pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy proceeding.

D.  In the event of any default in payment that continues for ten (10) days beyond the due date of payment, the entire unpaid amount together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due

and payable.

E. Notwithstanding any other provision of this Order, if the Defendants fail to meet the payment obligation set forth above, the Defendants shall pay the costs and attorneys' fees incurred by the FTC and its agents in any attempts to collect amounts due.

F. Defendants shall, within fourteen (14) days of receiving a written request from the FTC or its designated agent, provide data in computer-readable format concerning consumers who paid an up-front fee and/or initial contribution to enroll in Defendants' DMPs from July 1, 2000 through the date of entry of this Order. Such data shall include, but is not limited to: the consumer's name, most recent known address and telephone number, social security number, date of enrollment in the DMP, and the amount of up-front fee paid and/or initial contribution made. The Defendants shall take all reasonable steps to provide this data, including address and telephone number, in a form that is the most recent and accurate available to Defendants, and in a format useable and compatible with the FTC's information system.

G. All funds paid pursuant to this Order are equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

## V. COMPLETION AWARD CERTIFICATES

**IT IS FURTHER ORDERED** that:

A. With proceeds obtained from Defendant ICS pursuant to the Agreement between ICS and Lighthouse dated February 7, 2006, Lighthouse shall establish an escrow account in the amount of $415,000. Lighthouse shall be entitled to reduce the escrow balance by the amount of any payments Lighthouse has made to consumers consistent with Subsection V.B during the period of December 1, 2005 through the date of entry of this Order.

B. Defendant Lighthouse shall use the funds obtained from ICS in the escrow account to administer the redemption of ICS-issued completion award certificates in the following manner: for consumers who both (1) complete their DMPs; and (2) present Defendant Lighthouse with an ICS-issued completion award certificate, Lighthouse will redeem and pay the consumer consistent with the terms of such certificate. By administering the escrow account, Lighthouse does not assume any liability for the payment of completion award certificates beyond the amount of the escrow, nor does Lighthouse assume any responsibility for ICS's administration of refunds pursuant to the State Settlements and the Stipulated Final Judgment and Order between ICS and the Commission in this matter.

C. In the event that any funds remain in the escrow account as of June 30, 2007, those funds shall be released from escrow to Defendant Lighthouse.

## VI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days after receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## VII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A. Defendant Lighthouse must deliver a copy of this Order to all principals, officers,

11

directors, and managers. Lighthouse also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. For any business that Ms. Melcer controls, directly or indirectly, or in which she has a majority ownership interest, she must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Ms. Melcer must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C. For any business where Ms. Melcer is not a controlling person of a business that otherwise engages in conduct related to the subject matter of this Order, Ms. Melcer must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Lighthouse and Ms. Melcer must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## VIII. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, Lighthouse, Ms. Melcer, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

    F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Section VII. D, and all reports submitted to the FTC pursuant to Section IX.

### IX. COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of three (3) years from the date of entry of this Order,

            1.    Defendant Ms. Melcer shall notify the FTC of the following:

                  a.    any changes to her residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such a change;

                  b.    any changes in her employment status (including self-employment), and any change in the ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that she is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of her duties and responsibilities in connection with the business or employment; and

                  c.    any changes in their name or use of any aliases or fictitious names; and

            2.    Defendants shall notify the FTC of any changes in corporate structure of any business entity that Ms. Melcer directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to a dissolution, assignment, sale, merger, or other action that would result in

14

the emergence of a successor entity; the creation, or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, **provided that**, with respect to any proposed change in the corporation about which Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the FTC as soon as is practicable after obtaining such knowledge;

B.  One hundred eighty (180) days after the date of entry of this Order, Defendants shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which the Defendants have complied and are complying with this Order. The report shall include, but not be limited to:

1. For Ms. Melcer:

    a. The then-current residence address, mailing addresses, and telephone numbers of Ms. Melcer;

    b. The then-current employment and business addresses and telephone numbers of Ms. Melcer, a description of the business activities of each such employer or business, and the title and responsibilities of Ms. Melcer, for each such employer or business; and

    c. Any other changes required to be reported under subparagraph A of

this Section.

2. For all Defendants:

   a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section VII.D;

   b. Any changes required to be reported under Subparagraph A of this Section.

3. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

   > Associate Director, Division of Enforcement
   > Federal Trade Commission
   > 601 New Jersey Ave., NW
   > Mail Drop NJ-2122
   > Washington, DC 20580
   > Re: <u>FTC v. Integrated Credit Solutions, et al.</u>

4. For purposes of the compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with Defendants.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring and investigating compliance with any provision of this Order:

A. Within twenty (20) days of receipt of written notice from a representative of the FTC, Defendants each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide

16

entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation.

B.  In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

  1. obtaining discovery from any person, without further leave of Court, using procedures prescribed by Fed.R.Civ.P. 30, 31, 33, 34, 36, and 45; and

  2. posing as consumers to (1) the Defendants, (2) the Defendants' employees, or (3) any other entity owned, managed, or controlled in whole or in part by any of the Defendants, without the necessity of identification or prior notice; and

  3. Defendants shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

**Provided that** nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI. TAXPAYER IDENTIFICATION NUMBERS

**IT IS FURTHER ORDERED** that the Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their respective taxpayer identification numbers (social security number or employer identification number), which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of the relationship of the Defendants with the government.

## XII. NOTIFICATIONS

**IT IS FURTHER ORDERED** that, for purposes of this Order, Defendants shall, unless otherwise directed by the FTC or its authorized representatives, mail all written notifications to the FTC to:

>Associate Director, Division of Enforcement
>Federal Trade Commission
>601 New Jersey Avenue, N.W.
>Mail Stop NJ-2122
>Washington, D.C. 20580
>Re: FTC v. Integrated Credit Solutions, Inc. et al.

## XIII. COSTS AND ATTORNEYS FEES

**IT IS FURTHER ORDERED** that all parties to this Order will bear their own costs and attorneys fees incurred in connection with this action.

## XIV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: August 3, 2006

_____
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO BY:**

*[signature]*
Anne McCormick
Florida Bar No. 0717177
Benjamin K. Olson
D.C. Bar No. 477090
Federal Trade Commission
601 New Jersey Avenue, N.W.
NJ-3158
Washington, D.C. 20580
ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

*[signature]*
By Mary H. Melcer, President
for DEFENDANT
LIGHTHOUSE CREDIT FOUNDATION, INC.

*[signature]*
By MARY H. MELCER, Individually

*[signature]*
A. Brian Albritton
Florida Bar No. 0777773
Holland & Knight LLP
100 North Tampa Street, Suite 4100
P.O. Box 1288
Tampa, Florida 33602-2644
ATTORNEY for DEFENDANTS LIGHTHOUSE
CREDIT FOUNDATION, INC., and MARY H.
MELCER