UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br> v. <br><br> INTEGRATED CREDIT SOLUTIONS, INC.; FLAGSHIP CAPITAL SERVICES CORP.; LIGHTHOUSE CREDIT FOUNDATION, INC.; MARY H. MELCER; and J. STEVEN MCWHORTER, <br><br> Defendants, and <br><br> JEFFREY POORMAN and DANIEL M. MELGAR, SR., <br><br> Relief Defendants. | Case No. |

**STIPULATED FINAL JUDGMENT AND ORDER
AS TO RELIEF DEFENDANT JEFFREY POORMAN**

Plaintiff the Federal Trade Commission ("FTC" or "Commission") commenced this action concurrently with this Settlement Agreement and Order ("Order") by filing a Complaint for permanent injunctive and other equitable relief pursuant to Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), and 15 U.S.C. §§ 45(a) and 53(b). The Complaint alleges that Defendants Integrated Credit Solutions, Inc. ("ICS"), Flagship Capital Services Corp. ("Flagship"), Lighthouse Credit Foundation, Inc. ("Lighthouse"), Mary H. Melcer, and J. Steven McWhorter (collectively, the "Defendants") engaged in unfair or deceptive acts and practices in promoting and offering credit counseling and debt management plans in violation of Sections

5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b). The Complaint also names Jeffrey

E. Poorman ("Mr. Poorman") and Daniel M. Melgar, Sr., solely as Relief Defendants

(collectively, the "Relief Defendants").

The FTC and Mr. Poorman, having been represented by counsel and acting by and through

such counsel, have together consented to the entry of this Order by this Court to resolve and

settle all matters of dispute between the FTC and Mr. Poorman, without adjudication of any issue

of fact or law and without Mr. Poorman admitting liability for any of the matters alleged in the

Complaint. This Order only settles claims as to Mr. Poorman, and shall not act as a bar to any

claim by the FTC nor preclude the FTC from seeking any remedy against any other persons,

including without limitation persons who may be subject to portions of this Order by virtue of

actions taken in concert or participation with Defendants or Relief Defendants or persons in any

type of indemnification or contractual relationship with Defendants or Relief Defendants.

**NOW, THEREFORE,** on the joint motion of the FTC and Mr. Poorman,

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1.   This Court has jurisdiction over the subject matter of this case and of the parties. Venue in

the Middle District of Florida is proper.

2.   The Complaint states a claim upon which relief may be granted.

3.   The FTC has the authority under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§

45(a) and 53(b), to seek the relief it has requested.

4.   The activities alleged in the Complaint are in or affecting commerce, as "commerce" is

defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

Case 8:06-cv-00806-SCB-TGW     Document 5     Filed 05/02/2006     Page 3 of 6

5.  Mr. Poorman waives service of the Summons and Complaint.

6.  Mr. Poorman waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Mr. Poorman further waives and releases any claims he may have against the FTC, its employees, representatives, or agents.

7.  Mr. Poorman agrees that this Order does not entitle him to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. No. 104-121, 110 Stat. 847, 863-64 (1996).  Mr. Poorman further waives any right to attorneys' fees that may arise under said provision of law.

8.  This Order is for settlement purposes only and does not constitute and shall not be interpreted to constitute an admission by Mr. Poorman that he engaged in violations of any law or regulation, or that the facts alleged in the Complaint, other than the jurisdictional facts, are true.

9.  Entry of this Order is in the public interest.

## I. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment is hereby entered against Mr. Poorman and in favor of the FTC in the amount of $105,000, which must be paid by cashier's check or electronic transfer within five (5) days of the date of entry of this Order and pursuant to instructions provided by the FTC.

B.  Any and all funds paid pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after

redress is completed, the FTC may apply any remaining funds for such other equitable relief
(including consumer information remedies) as it determines to be reasonably related to
Defendants' practices as alleged in the Complaint.  Any funds not used for such equitable relief
shall be deposited to the United States Treasury as disgorgement.  Defendants and Relief
Defendants have no right to challenge the FTC's choice of remedies under this Subsection.

C.    Mr. Poorman further agrees that the facts as alleged in the Complaint shall be taken as
true in the event of any subsequent litigation to enforce this Order or to collect amounts due
pursuant to this Order, including, but not limited to, a nondischargeability complaint in any
bankruptcy proceeding.

D.    In the event of any default in payment that continues for ten (10) days beyond the due
date of payment, the entire unpaid amount together with interest, as computed pursuant to 28
U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due
and payable.

E.    Notwithstanding any other provision of this Order, if Mr. Poorman fails to meet the
payment obligation set forth above, Mr. Poorman shall pay the costs and attorneys' fees incurred
by the FTC and its agents in any attempts to collect amounts due.

F.    All funds paid pursuant to this Order are equitable monetary relief, solely
remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

## II. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Mr. Poorman, within five (5) business days after receipt
of this Order as entered by the Court, must submit to the FTC a truthful sworn statement
acknowledging receipt of this Order.

### III. COSTS AND ATTORNEYS FEES

**IT IS FURTHER ORDERED** that all parties to this Order will bear their own costs and attorneys fees incurred in connection with this action.

### IV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

### V. ENTRY OF THIS FINAL JUDGMENT

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay of entry of this judgment and the Clerk immediately shall enter this Order as a final judgment as to Mr. Poorman.

SO ORDERED, this _3RD_ day of _August_____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO BY:**

Anne McCormick
Florida Bar No. 0717177
Benjamin K. Olson
D.C. Bar No. 477090
Federal Trade Commission
601 New Jersey Avenue, N.W.
NJ-3158
Washington, D.C.  20580
ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

By Jeffrey E. Poorman

Robert W. Stocker II
Dickinson Wright, LLC
215 S. Washington Square
Suite 200
Lansing, Michigan 48933-1816
(517) 487-4715
ATTORNEY for JEFFREY E.  POORMAN