UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br>     v.<br><br>INTEGRATED CREDIT SOLUTIONS, INC.; FLAGSHIP CAPITAL SERVICES CORP.; LIGHTHOUSE CREDIT FOUNDATION, INC.; MARY H. MELCER; and J. STEVEN MCWHORTER,<br><br>          Defendants, and<br><br>JEFFREY POORMAN and DANIEL M. MELGAR, SR.,<br><br>          Relief Defendants. | Case No. 8:06-CV-00806-SCB-TGW<br><br>**DEFAULT JUDGMENT AND ORDER AGAINST RELIEF DEFENDANT DANIEL M. MELGAR, SR.** |

This matter comes before the Court on Plaintiff Federal Trade Commission's Motion for Default Judgment Against Relief Defendant Daniel M. Melgar, Sr. Having considered the Complaint, the Commission's Memorandum of Law, declaration of counsel and exhibits, and the files and records of this case, it is hereby **ORDERED, ADJUDGED** and **DECREED:**

### FINDINGS

1.  This Court has jurisdiction over the subject matter of this case.

2.  Venue is proper as to Defendants and Relief Defendants in the Middle District of Florida under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

3.  The activities of Defendants and Relief Defendants are in or affecting commerce, as defined in Section 4 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 44.

4.  The FTC has the authority under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a)

and 53(b), to seek the relief it has requested.

5. Relief Defendant Daniel M. Melgar, Sr. was properly served by the Clerk of this Court under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) prior to June 9, 2006.

6. This Court has personal jurisdiction over Relief Defendant Melgar. See SEC v. Carrillo, 115 F.3d 1540, 1542-47 (11th Cir. 1997).

7. On July 13, 2006, the Clerk properly entered default against Relief Defendant Melgar for failure to answer or otherwise plead within the time provided by the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 55(a).

8. Because Relief Defendant Melgar has not appeared in this matter, the notice requirement of Federal Rule of Civil Procedure 55(b)(2) does not apply.

9. Taken as true by virtue of the default, Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999), the allegations in the Complaint state a claim under § 5(a) of the FTC Act, 15 U.S.C. § 45(a), and establish liability against Relief Defendant Melgar in the amount of the funds in his possession derived from the alleged wrongdoing. See Federal Trade Comm'n v. Think Achievement Corp., 144 F. Supp. 2d 1013, 1020 (N.D. Ind. 2000).

10. Evidence submitted by the Commission establishes that Relief Defendant Melgar received $1,474,786 in 2002 and 2003 shareholder distributions from Defendant Flagship Capital Services Corporation that were derived from fees paid by consumers as a result of the alleged wrongdoing. Thus, the proper amount of relief against Relief Defendant Melgar is a judgment for $1,474,786.

11. Entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2) against Relief Defendant Melgar is appropriate because he is not an infant or incompetent person, nor is he

currently in the military or otherwise exempt from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

12. Because there is no just reason for delay, the Court expressly directs entry of this Default Judgment and Order Against Relief Defendant Daniel M. Melgar, Sr. pursuant to Federal Rule of Civil Procedure 54(b).

13. Entry of this final judgment and order is in the public interest.

## I. MONETARY JUDGMENT

**IT IS THEREFORE ORDERED** that:

A.   Judgment is hereby entered against Relief Defendant Daniel M. Melgar, Sr. and in favor of the Commission in the amount of $1,474,786, which must be paid by cashier's check or electronic transfer made payable to the Federal Trade Commission within five (5) days of the date of entry of this Order. The check or written confirmation of the wire transfer shall be delivered to: Associate Director, Division of Financial Practices, 600 Pennsylvania Ave., Room NJ-3158, Washington, D.C. 20580.

B.   Any and all funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices as alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants

and Relief Defendants have no right to challenge the Commission's choice of remedies under this Subsection.

  C. The facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent litigation filed by the Commission to collect any unpaid amount or otherwise enforce its rights pursuant to this Order, including a nondischargeability action filed by or on behalf of the Commission in any bankruptcy case.

  D. In the event of any default in payment that continues for ten (10) days beyond the due date of payment, the entire unpaid amount together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

  E. Notwithstanding any other provision of this Order, if Relief Defendant Melgar fails to meet the payment obligation set forth above, he shall pay the costs and attorneys' fees incurred by the Commission and its agents in any attempts to collect amounts due.

  F. All funds paid pursuant to this Order are equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

## II. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Relief Defendant Melgar, within five (5) business days after receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## III. COSTS AND ATTORNEYS FEES

**IT IS FURTHER ORDERED** that all parties to this Order will bear their own costs and attorneys fees incurred in connection with this action.

## IV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.  This matter shall be closed for administrative purposes with respect to the claims against Relief Defendant Melgar.

## V.  ENTRY OF THIS FINAL JUDGMENT

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay of entry of this judgment and the Clerk immediately shall enter this Order as a final judgment as to Relief Defendant Melgar.

**DONE AND ORDERED** in Chambers, at Tampa, Florida this 5th day of October, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge